**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| BRYON SILL and | ) | |
| DANIEL YARBOROUGH, | ) | Civil Action No: 3:16-cv-0555-MBS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| AVSX TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on various post-trial motions filed by Plaintiffs Byron Sill and Daniel Yarborough (collectively "Plaintiffs"), and Defendant AVSX Technologies, LLC ("Defendant"). On July 31, 2017, Plaintiffs moved the court pursuant to Federal Rules of Civil Procedure 59(e) and 54(d)(2) "to amend the judgment entered . . . against Defendant . . . by trebling the amount of the award entered for each of them and awarding [Plaintiffs] their reasonable and necessary attorney's fees." ECF No. 65. Defendant responded in opposition on August 8, 2017, ECF No. 67, and Plaintiffs replied on August 18, 2017. ECF No. 69. On August 15, 2017, Defendant moved the court pursuant to Federal Rule of Civil Procedure 50(b) for an order granting its renewed motion for judgment as a matter of law. ECF No. 68. Plaintiffs responded in opposition on August 29, 2017. ECF No. 70.

## I.    RELEVANT FACTUAL BACKGROUND

     Plaintiffs sued Defendant for wages owed under the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-50 *et seq.* Plaintiffs allege they were entitled to unlawfully withheld "holdbacks" and "overrides" due under their employment contracts. ECF No. 1-1 at ¶¶ 17-23. The court held a trial on July 17 and 18, 2017. During presentation of the Plaintiffs' case, both Plaintiffs

testified as to the wages due. Plaintiffs asserted that the proper accounting for chargebacks was the gross commission amount. Defendant asserted that the proper accounting was the gross funding amount. [1] Plaintiff Yarborough testified he was owed around $4,200. Plaintiff Sill testified that he was owed $5,700. Plaintiffs testified that they derived their calculations from the documents Defendant provided in discovery. On cross-examination, Plaintiffs stated that Defendant improperly calculated their chargebacks and in some instances double-counted chargebacks. At the close of Plaintiffs' case, Defendant moved for judgment as a matter of law, arguing that Plaintiffs failed to present sufficient evidence to calculate damages with a reasonable degree of certainty. ECF No. 54. The court denied Defendant's motion.

During Defendant's presentation of its case-in-chief, Defendant introduced two exhibits, Exhibit 5 and 6, which Defendant purported to be the proper calculation of Plaintiffs' holdbacks and chargebacks. Defendant argued that the exhibits demonstrated that Plaintiffs' chargebacks exceeded their holdbacks. At the close of Defendant's case, Defendant renewed its motion for judgment as a matter of law based on the insufficiency of evidence to calculate damages. ECF No. 54. The court denied Defendant's motion. The case was submitted to the jury. Among the many instructions provided to the jury, the court explained, "You may consider the contracts Plaintiffs signed with Defendant. . . . Plaintiffs' alleged unpaid wages are based on the employment contracts executed between Plaintiffs and Defendant." ECF No. 57 at 4.

During deliberations, the jury submitted a note to the court asking (1) "[m]ay the jury have a few calculators," and (2) "[i]s there a specific amount documented that the Plaintiffs say they are

---

[1] For example, Defendant would receive $3,000 in gross funding. From this, Defendant would pay for equipment and pay the commission of the employees, which, for example, would yield $1,500 in gross commission. Plaintiffs argued that the chargeback should be the $1,500 gross commission amount while Defendant argued that the $3,000 gross funding amount was the appropriate measure.

owed." After consulting with the attorneys, the court submitted the following response "(1) [a] calculator will be provided" and "(2) [y]ou will have to rely on the evidence with regard to whether a specific amount has been documented." The jury returned with a verdict shortly thereafter, and issued the following verdict:

Plaintiff Byron Sill: $1,379.54

Plaintiff Daniel Yarborough: $7,147.33

ECF No. 59.

## II.      LEGAL STANDARDS AND ANALYSIS

### A. Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(b) provides: "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a) [i.e., after a party has been fully heard on an issue], the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.*

When a jury has returned a verdict, the court may grant a Rule 50(b) motion for judgment as a matter of law only if, "viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Pitrolo v. Cnty. of Buncombe*, 407 F. App'x 657, 659 (4th Cir. 2011) (quoting *Int'l Ground Transp. v. Mayor & City Council of Ocean City*, 475 F.3d 214, 218–19 (4th Cir. 2007)). If reasonable minds could differ, the court must affirm the jury's verdict. *Id.* (citing *Dennis v. Columbia Colleton Med. Cntr., Inc.*, 290 F.3d 638, 645 (4th Cir. 2002)).

In drawing all reasonable inferences in favor of the non-movant, the court may not weigh the evidence or assess the credibility of the witnesses. *Id.* (citing *Dennis*, 290 F.3d at 645). "A renewed motion for judgment as a matter of law is not an occasion for the [c]ourt to usurp the jury's authority to weigh the evidence and gauge the credibility of witnesses." *Thompson v. Direct Impact, Co.*, 63 F. Supp. 2d 721, 723 (E.D. Va. 1998), *aff'd* 188 F.3d 503 (4th Cir. 1999) (citing *Taylor v. Home Ins. Co.*, 777 F.2d 849, 854 (4th Cir. 1985)). "[T]he defendant bears a 'heavy burden' in establishing that the evidence is insufficient to uphold the jury's verdict." *Id.* (citing *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996)); *see also Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 514–15 (D.S.C. 2001).

Defendant argues that it is entitled to judgment as a matter of law because Plaintiffs "failed to present sufficient evidence to allow a jury to calculate to a reasonable degree of certainty the wages owed to Plaintiffs." ECF No. 68. It is Defendant's contention that the only explanation for the jury's damage award is that the jury relied on Defendant's evidence, which Defendant "only presented in response to the Court's denial of judgment as a matter of law at the end of Plaintiffs' case." *Id.* at 6. Lastly, Defendant argues that the jury's note submitted to the court is "conclusive proof" that Plaintiffs failed to present sufficient evidence. *Id.* at 5.

"To recover damages, the evidence must enable the jury to determine the amount of damages with reasonable certainty or accuracy." *Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc.*, 554 F. App'x 176, 188 (4th Cir. 2014) (citing *Magnolia N. Prop. Owners Assn., Inc. v. Heritage Communities, Inc.*, 725 S.E.2d 112, 126 (S.C. Ct. App. 2012). "While neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation, proof with mathematical certainty of the amount of loss or damages is not required." *Whisenant v. James*

*Island Corp.*, 281 S.E.2d 794, 796 (S.C. 1981) (finding testimony at trial from building owner as to value of property was sufficient).

Plaintiffs testified as to which documents they relied upon and what they calculated their damages to be. The jury was in the best position to judge the reliability of Plaintiffs' damages. The jury's question could have resulted from a number of different factors, including a lack of memory of Plaintiffs' testimony. Furthermore, Defendant's introduction of the two charts into evidence and the jury's consideration of those charts in their calculations does not demonstrate that Plaintiffs failed to prove damages. The court therefore finds that Plaintiffs presented sufficient evidence of damages such that a reasonable jury could find in favor of Plaintiffs. Accordingly, Defendant's motion for judgment as a matter of law is denied.

## B. Motion to Alter or Amend a Judgment

The decision whether to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole,* 48 F.3d 1376, 1382 (4th Cir. 1995). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either: (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 235 (4th Cir. 1994).

Plaintiffs have not shown that any of the required factors under Rule 59(e) exist to warrant an increase in the amount of damages awarded. Because Plaintiffs have not presented evidence to justify relief under Rule 59(e), the court declines to grant Plaintiffs' motion.[2]

## C. Motion for Treble Damages and Attorney's Fees Pursuant to the South Carolina Payment of Wages Act

Under the South Carolina Payment of Wages Act ("Act"), when an employer fails to pay wages, an employee "may recover . . . an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." S.C. Code Ann. § 41-10-80(C). The South Carolina Supreme Court has held that the language in the statue is permissive, such that by use of "may" rather than "shall," the legislature has provided that the imposition of treble damages or attorney's fees rests with the judge. *Rice v. Multimedia, Inc.*, 456 S.E.2d 381, 384 (S.C. 1995). An employee is not entitled to treble damages or attorney's fees under the Act where a bona fide dispute existed as to the wages allegedly due. *Id.* (holding that "[t]he imposition of treble damages in those cases where there is a bona fide dispute would be unjust and harsh"). The court looks to whether, at the time the employer withheld the wages, it had a good faith reason for doing so. *Davis v. MPW Indus. Servs., Inc.*, No. 6:08-CV-03286-JMC, 2011 WL 13196218, at *2 (D.S.C. Dec. 16, 2011) (citing *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 782 (S.C. 2010)). Furthermore, "[a] finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages." *Temple v. Tec-Fab, Inc.*, 675 S.E.2d 414, 415 (S.C. 2009).

---

[2] Specifically, Plaintiffs ask the court to "amend the judgment entered in this matter against Defendant AVSX *by* trebling the amount of the award entered for each of them . . . ." ECF No. 65 at 1 (emphasis added). However, this request is not appropriate under Federal Rule of Civil Procedure 59(e). Therefore, the court will interpret Plaintiffs' motion to alter or amend the judgement as a motion for treble damages and attorney's fees under the South Carolina Payment of Wages Act, and a motion for attorney's fees and court fees under the employment agreement.

Plaintiffs contend that because Defendant failed at trial to provide an honest accounting of the sums due to Plaintiffs, there was no good faith dispute that Defendant owed Plaintiffs money from their holdback accounts. ECF No. 65 at 4. However, Plaintiffs agree there was a good faith dispute "central to this litigation" regarding whether the "chargeback" amount should be the amount of the gross commission or the gross funding amount Defendant received from Vector. *Id.* at 2. Defendant's belief that under the Vector calculations Plaintiffs' chargebacks exceeded their holdbacks—thereby supporting its positon that Plaintiffs were not owed any money—demonstrates the existence of a bona fide dispute as to whether Plaintiffs were entitled to payment.

The analysis for treble damages awards and attorney's fees hinges not on whether Defendant was successful in defending against a suit for nonpayment. *O'Neal v. Intermedical Hosp. of South Carolina,* 585 S.E.2d 526, 532 (S.C. Ct. App. 2003). Instead it hinges on whether there existed a bona fide dispute *concerning* payment of wages. *Id.* (emphasis added). The court finds that a bona fide dispute existed as to whether Plaintiffs were entitled payment. Accordingly, Plaintiffs' motion for treble damages and attorney's fees under the Act is denied.

**D. Motion for Attorney's Fees and Court Fees Under the Employment Agreement**

In the United States, under what is referred to as the "American Rule,"[3] each party to a lawsuit is responsible to bear his or her own litigation expenses, including attorney's fees. *Alyeska Pipeline co., v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, this rule may be modified

---

[3] The American Rule provides that "the prevailing party may not recover attorneys' fees" from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975); *see also, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 602 (2001) ("[T]he prevailing party is not entitled to collect [attorney's fees] from the loser"); *E. Associated Coal Corp. v. Fed. Mine Safety & Health Review Comm'n,* 813 F.2d 639, 643 (4th Cir. 1987); *Shammas v. Focarino,* 784 F.3d 219, 223 (4th Cir. 2015).

by statue or contract. *See id*. at 257. Where attorney's fees are pleaded as an element of damages, the Fourth Circuit has held, in dicta, that attorney's fees are special damages that must be specifically pleaded in accordance with Federal Rule of Civil Procedure 9. *Atl. Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n. 4 (4th Cir. 1983). When the substantive law governing the action provides for attorney's fees as a recoverable cost, as opposed to an element of damages, a party may motion for attorney's fees under Federal Rule of Civil Procedure 54. *NGM Ins. Co. v. Carolina's Power Wash & Painting, LLC*, No. 2:08-CV-3378-DCN, 2010 WL 3258145, at *3 (D.S.C. Aug. 16, 2010) (quoting *Peery v. Serenity Behavioral Health Sys.,* No. 106–172, 2009 WL 1259367, at *2 n. 4 (S.D. Ga. May 6, 2009)); *see also* Fed. R. Civ. P. 54(d)(2) advisory committee's note to the 1993 amendment (explaining that "subparagraph (A) . . . does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury").

Plaintiffs contend they are entitled to attorney's fees and court fees under their employment agreements.[4] ECF No. 65 at 5. Plaintiffs entered both the Affiliate Agreements and the Sales Agreements (collectively the "Agreement") into evidence, marked as Pl. Ex. 1, 2, 6, and 25. Each document contained an identical "Prevailing Party" clause which states, "[t]he prevailing party in any legal action arising out of this agreement shall be entitled to recover reasonable attorney's and court fees." ECF No. 16-5 at 5, 16-6 at 4, 16-7 at 7, 16-8 at 7. According to Plaintiffs, the "underlying basis for Plaintiffs' claims was that AVSX violated their contracts for employment in

---

[4] Plaintiffs failed to provide the court with the amount of attorney's fees requested or with a fair estimate of the amount as required by Rule 54(d)(2)(B). Instead, Plaintiff's asked the court to make a determination on the entitlement of attorney's fees, so that the parties could confer on their own regarding a reasonable amount of fees. ECF No. 65 at 6.

refusing to pay them these wages as guaranteed by those contracts." ECF. No. 65 at 1. Defendant argues, however, that Plaintiffs are barred from recovering attorney's fees under the terms of the Agreement because Plaintiffs did not specifically plead for attorney's fees in their Complaint. ECF No. 67 at 1-3. Alternatively, Defendant argues that even if Plaintiffs were not barred by their failure to plead, Plaintiffs' claims do not arise from the Agreement because the Agreement was not referenced in the Plaintiffs' Complaint. *Id*. at 3.

This court has held that the "South Carolina Payment of Wages Act does not create an independent right to wages . . . . Instead, the Act creates a right to be paid wages due based upon an employment contract." *Anselmo v. W. Paces Hotel Grp., LLC*, No. CA 9:09-2466-MBS, 2011 WL 1049195, at *10 (D.S.C. Mar. 18, 2011). Therefore, the contract is the source of the right, not the South Carolina statute. *Id.* As such, the issue of how to calculate the "chargebacks"—which was central to the wage payment dispute—was a matter of contract interpretation, which made the Agreement at issue. *See Caldwell v. Koppers, Inc.,* No. CIV.A. 4:13-3407-BHH, 2014 WL 5527823, at *3 (D.S.C. Oct. 31, 2014).

For Plaintiffs to be entitled to an award of attorney's fees and court fees under the Agreement, they have to show they were (1) a prevailing party (2) in any legal action arising out of this agreement. As noted above, the jury returned a verdict in Plaintiffs' favor. Thus, Plaintiffs are a prevailing party entitled to attorney's fees. *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) ("[A] party in whose favor a judgment is rendered, regardless of the amount of damages awarded, is the prevailing party.") (internal quotation marks and citation omitted).

The Agreement provides for an award of reasonable attorney's fees and court fees to the prevailing party in "*any* legal action arising out of this agreement." ECF No. 16-5 at 5, 16-6 at 4, 16-7 at 7, 16-8 at 7 (emphasis added). This action was instituted to enforce the payment of wages

provided for by the Agreement. The Act is what gave Plaintiffs the right to demand payment of wages. Thus, Plaintiffs' action arose out of the Agreement. As such, the court finds that Plaintiffs are entitled to reasonable attorney's fees and court costs pursuant to the Agreement.

### III.     CONCLUSION

For the foregoing reasons, Defendant's renewed motion for judgment as a matter of law is **DENIED.** Plaintiffs' motion to amend the judgment and motion for an award of treble damages and attorney's fees pursuant to the South Carolina Payment of Wages Act is **DENIED.**  Regarding Plaintiffs' motion for attorney's fees and court fees under their employment agreements, Plaintiffs shall file an affidavit indicating the amount of attorney's fees and court fees sought fourteen (14) days from the filing of this Order.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

January 26, 2018
Columbia, South Carolina