# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| BRYON SILL and <br> DANIEL YARBOROUGH, <br><br> Plaintiffs, <br><br> vs. <br><br> AVSX TECHNOLOGIES, LLC, <br><br> Defendant. | Civil Action No: 3:16-cv-0555-MBS <br><br> **ORDER AND OPINION** |

This matter is before the court on a Motion for Reconsideration filed by Defendant AVSX Technologies, LLC ("Defendant"). ECF No. 74. Plaintiffs Byron Sill and Daniel Yarborough (collectively "Plaintiffs") timely filed their response, ECF No. 76, to which Defendant filed a reply. ECF No. 77. For the reasons stated below, this motion is denied.

## I.     RELEVANT FACTUAL BACKGROUND

Because the facts of this case have been thoroughly detailed in the court's January 26, 2018, Order ("Prior Order"), ECF No. 73, the court will provide only a brief statement of the facts. Plaintiffs sued Defendant for wages owed under the South Carolina Payment of Wages Act (the "Act"), S.C. Code Ann. §§ 41-10-50 *et seq.* Plaintiffs allege they were entitled to unlawfully withheld "holdbacks" and "overrides" due under their employment contracts. ECF No. 1-1 at ¶¶ 17-23. The court held a trial on July 17 and 18, 2017. The jury returned a verdict awarding Plaintiff Byron Sill $1,379.54 and Plaintiff Daniel Yarborough $7,147.33.

Subsequently, Plaintiffs and Defendant filed various post-trial motions that the court addressed in its Prior Order. At issue in Defendant's Motion for Reconsideration is the court's determination that Plaintiffs are entitled to reasonable attorney's fees and costs.

## II. LEGAL STANDARD AND ANALYSIS

The decision whether to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole,* 48 F.3d 1376, 1382 (4th Cir. 1995). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either: (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 235 (4th Cir. 1994).

Defendant alleges that the court abused its discretion, constituting reversible error, when the court "fail[ed] to explain why [it] excused Plaintiffs from complying with the mandatory provisions in Rule 9(g), FRCP, to plead with specificity any claim for special damages or why the [c]ourt rather than a jury is deciding the damages amount." ECF No. 74 at 1. Rule 9(g) states that "if an item of special damage is claimed, it must be specifically pleaded." Where attorney's fees are pleaded as an element of damages, the Fourth Circuit has held, in dicta, that attorney's fees are special damages that must be specifically pleaded in accordance with Federal Rule of Civil Procedure 9. *Atl. Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n.4 (4th Cir. 1983). Furthermore, this court has held that the "South Carolina Payment of Wages Act does not create an independent right to wages . . . . Instead, the Act creates a right to be paid wages *due based*

*upon an employment contract.*" *Anselmo v. W. Paces Hotel Grp., LLC*, No. CA 9:09-2466-MBS, 2011 WL 1049195, at *10 (D.S.C. Mar. 18, 2011) (emphasis added).

Defendant suggests that the court's decision to permit Plaintiffs to recover attorney's fees has somehow allowed a "contractual attorney's fees provision to be enveloped into a Wages Act claim." ECF No. 74 at 4. That is not the case. This court held that the Employment Agreement is the source of the right to the disputed wages, not the South Carolina statute. As such, the issue of how to calculate the "chargebacks"—which was central to the wage payment dispute—was a matter of contract interpretation. The jury could not have determined whether Plaintiffs were entitled to recover wages under the Act without first interpreting the Employment Agreement.

Despite the court's determination that Plaintiffs' claim for wages arose under their Employment Agreement, thus putting the contract, and its terms, at issue, Defendant continues to assert that Plaintiffs are barred from recovering such fees under the terms of their contract. However, the court stated in its Prior Order, ECF No. 73 at 8–10, as well as in its March 20, 2017, Order, ECF No. 41 at 12, that the Employment Agreement is central to this dispute. In addition to the court's prior orders, the court also instructed the jury as follows:

> Plaintiffs' alleged unpaid wages are based on the employment contracts executed between Plaintiffs and Defendant . . . . You should assume that the parties intended the disputed terms in their contract to have the plain and ordinary meaning, unless you decide that the parties intended the disputed terms to have another meaning . . . . In deciding what the disputed terms of the contract mean, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all of the parts make sense when taken together. In deciding what the disputed terms of the contract mean, you should consider how the parties acted before and after the contract was created.

ECF No. 57 at 4. Furthermore, the "Prevailing Party" clause states that "[t]he prevailing party in *any legal action arising out of this agreement* shall be entitled to recover reasonable attorney's and

3

court fees."¹ ECF No. 16-5 at 5, 16-6 at 4, 16-7 at 7, 16-8 at 7 (emphasis added). Rule 9(g) only applies when the substantive law requires the prevailing party to prove attorney's fees as an element of damages; Rule 9(g) does not apply where the attorney's fees are sought as a recoverable cost pursuant to a contract. *Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 613 (E.D. Va. 2015).²

Citing to the Fourth Circuit's opinion in *Atlantic Purchaers, Inc.*, Defendant further contends that "[it] was not on notice of a potential award of fees under the employment agreements in defending this matter." ECF No. 74, at 3. Notwithstanding the fact that the Employment Agreement was created by Defendant, and as such Defendant should not be surprised by its terms, the court does not find Defendant's argument persuasive. In *Atlantic Purchasers, Inc.*, the plaintiff sought to amend its complaint to reflect claims for an award of attorney's fees *and* to treble its actual damage award under the North Carolina Unfair Trade Practices Act <u>after</u> the jury had already returned a verdict in favor of the plaintiff for its fraud and breach of express warranty claims. *Atl. Purchasers, Inc.*, 705 F.2 at 715. Relying on Federal Rule of Civil Procedure 54(c), the plaintiff argued that the jury verdict showed that it had made a clear case under the North

---

¹ See the court's Prior Order for discussion on the Prevailing Party Clause. ECF No. 73 at 9.
² The court notes the factual difference between *Route Triple Seven Limited Partnership* and the matter presently before the court. In *Route Triple Seven Limited Partnership,* the plaintiff filed an action alleging breach of the lease agreement. Despite this factual difference, this case is still persuasive. Just as the lease was at issue in *Route Triple Seven Limited Partnership,* so too is the Employment Agreement in this matter. The issue on appeal in *Route Triple Seven Limited Partnership* was whether the plaintiff's claim for attorney's fee pursuant to a lease provision that granted attorney's fees to the "substantially prevailing party" was barred by Rule 9(g) or permitted by Rule 54(c), where the plaintiff did not specifically request attorney's fees, but instead relied on the contractual provision. After conducting an examination of Rule 9(g) and 54(c) under circumstance similar to the ones at bar, the District Court determined that "[c]lassifying attorney's fees as special damages where . . . the fee award is sought as a recoverable cost pursuant to a contract is inconsistent with Rule 54(d)(2)(A)." *Route Triple Seven Ltd. P'ship,* 127 F. Supp. 3d at 613.

4

Carolina Unfair Trade Practices Act, and that it therefore should be entitled to treble actual damages and to attorney's fees.

Rule 54(c) states in part, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. Pro. 54(c). While the Fourth Circuit noted that Rule 54(c) has been liberally construed, the Court recognized that Rule 54(c) is not without limits. *Atl. Purchasers, Inc.,* 705 F.2 at 716. "A party will not be given relief not specified in its complaint where the 'failure to ask for particular relief so prejudiced the opposing party that it would be unjust to grant such relief.'" *Id.* (quoting *United States v. Marin*, 651 F.2d 24, 31 (1st Cir. 1981). A "substantial increase" in the defendant's potential liability can constitute specific prejudice barring addition relief under 54(c). *Id.*

Defendant further alleges that the court abused its discretion, constituting reversible error, when the court "fail[ed] to explain why [it] excused Plaintiffs from complying with the mandatory provisions in Rule 54, FRCP, that a motion for attorney's fees must state the amount sought or provide a fair estimate of it and in Local Civ. Rule 54.02(A) (D.S.C.), that a motion for attorney's fees shall comply with the requirements set forth in *Barber* . . . ." ECF No. 74 at 1 (emphasis in original). The court construed Plaintiffs' Motion to Amend the Judgment and to Award[] Partial Attorney's Fees, ECF No. 65, as a motion for attorney's fees under the contract, pursuant to Federal Rule of Civil Procedure 54. Based on this interpretation, the court allowed Plaintiffs to file an affidavit within fourteen days of the filing of the court's order indicating the amount of fees they seek.

In its Prior Order, the court made a preliminary finding that attorney's fees were appropriate. ECF No. 73 at 10 ("Regarding Plaintiffs' motion for attorney's fees and court fees under their employment agreements, Plaintiffs shall file an affidavit indicating the amount of

5

attorney's fees and court fees sought fourteen (14) days from the filing of this Order."). Thus, it would have been premature for the court to address the *Barber* factors at the time the court filed its order.

Defendant has not established a clear error of law regarding the court's determination that Plaintiffs are entitled to attorney's fees. Therefore, Defendant's Motion to Reconsider is **denied**. On February 2, 2018, Plaintiffs filed a Motion for Extension of Time, ECF No. 75, to file their affidavit pursuant to the court's Prior Order, pending the court's decision on Defendant's Motion for Reconsideration. Defendant did not opposes Plaintiffs' Motion. *Id.* Based on the court's decision denying Defendant's Motion, Plaintiffs' Motion for Extension of Time is **granted**. Plaintiffs shall file an affidavit indicating the amount of attorney's fees and court fees sought ten (10) days from the filing of this Order. Defendant will then be given fourteen (14) days from the date Plaintiffs file their affidavit to respond with objections, should it have any.

**IT IS SO ORDERED.**

                                                  /s/ Margaret B. Seymour
                                                  Honorable Margaret B. Seymour
                                                  Senior United States District Judge

May 14, 2018
Columbia, South Carolina